**TODD et al. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 10915.**

Circuit Court of Appeals, Ninth Circuit.

Jan. 22, 1948.

R. E. Brotherton and Aaron Turner, both of Oakland Cal., for petitioner.

Theron L. Caudle, Asst. Atty. Gen., Sewall Key, A. F. Prescott, Fred E. Youngman and Helen Goodner, Sp. Assts. to the Atty. Gen., for respondent

Before DENMAN, STEPHENS and BONE, Circuit Judges.

PER CURIAM.

Petitioning taxpayers seek a review of a decision of the Tax Court made upon remand there ordered by us on a prior review of the Tax Court's determination of deficiencies for the calendar years 1940 and 1941.

In the first hearing in the Tax Court taxpayers contested the validity of the formula used by the Commissioner in determining the respective contributions of the taxpayers' separate and community property and their personal activities to their partnership income, and that court held it to be controlling. The formula determined "hybrid questions of 'mixed law and fact,' [and] their resolution, because of the fact element involved will * * * afford little concrete guidance for future cases." Bingham v. Commissioner, 325 U.S. 365, 370, 65 S.Ct. 1232, 1235, 89 L.Ed. 1670.

On the first review we held the formula a rational one. Todd v. Commissioner, 9 Cir., 153 F.2d 553. Because of the want of certain findings the case was ordered remanded to the Tax Court to make findings with regard to the issue as to the respective amounts attributable to capital and to the petitioners' management of the business and its decision thereon.

On the remand the income and deficiencies were computed on the formula we had held valid on the first review. Taxpayers in this review do not contend that the formula was misapplied but again attack the formula, offering certain evidence merely cumulative on that offered at the first hearing. We regard the decision of our first review as establishing the law of

the case. Were the question open to us, the decision of the Tax Court on the hybrid questions of law and fact controls and we would not consider the contention "that the facts found fall short of meeting statutory requirements." Bingham v. Commissioner, supra, 325 U.S. 370, 65 S.Ct. 1235.

The decision of the Tax Court is affirmed.